UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>RALEIGH ZIMMERMAN,<br><br>　　　　　　Defendant. | No. 17-CR-033-JLQ<br><br>MEMORANDUM OPINION RE: SENTENCING |

The sentencing hearing was held on September 15, 2017. Defendant was present and represented by Assistant Federal Public Defender Matthew Campbell. Assistant United States Attorney James Goeke appeared for the Government. This Opinion memorializes and supplements the court's oral rulings.

**I. Introduction and Background**

Defendant Zimmerman pled guilty on July 14, 2017 to Count III of the Indictment charging possession of child pornography. The plea was pursuant to a Fed.R.Crim.P. 11(c)(1)(C) Plea Agreement in which both the Government and the Defendant agreed to a binding sentence recommendation of between zero and 30 months. The parties also agreed to a 15-year term of supervised release. The Government agreed in the Plea Agreement to dismiss Counts I and II. The court set the matter for sentencing and reserved acceptance of the 11(c)(1)(C) Plea Agreement until after review of the Presentence Investigation Report ("PSR").

The draft PSR was filed on August 24, 2017. Defendant timely filed Objections on September 5, 2017 (ECF No. 35) and filed a 48-page Sentencing Memo with 55-pages

ORDER - 1

of exhibits. (ECF No. 36). The Government filed a Notice of Review of the PSR (ECF No. 41) which did not raise any objections to the PSR.

## II. Discussion

Defendant objected to a 2-level increase of the offense level in the draft PSR for "distribution". He argued he pled only to possession and there is insufficient evidence of knowing distribution. He argued that although others may have been able to access his materials through the peer-to-peer software, such access may be the result of a default setting on the software and not demonstrate knowing distribution. On September 11, 2017, Probation Officer Kennicutt filed an Addendum (ECF No. 38) which agreed the 2-level enhancement for distribution was not supported. Officer Kennicutt further agreed Special Condition #1 should be revised. The final Guideline calculation was an offense level 28, criminal history category I, and Guideline range of 78 to 97 months.

The court accepted the 11(c)(1)(C) Plea Agreement wherein the parties agreed the sentence would be between 0 and 30 months. Defendant's mental health history plays an important role in the consideration of an appropriate sentence. The PSR covers his mental health problems extensively (ECF No. 39, PSR ¶ 66-88). Counsel for Defendant, in his Sentencing Memo, states Probation did an "outstanding job" of summarizing the records. Defendant claims mental health treatment is essential to ensuring no recidivism takes place and argues he will likely not receive good mental health treatment in a BOP facility.

Defendant has a mental health history including bipolar disorder, depression, and delusions. He was first diagnosed as bipolar when he was in college in 1999. (PSR ¶ 66). He has been hospitalized for delusions and suicidal ideation on several occasions since 2011. (PSR ¶ 69-87). Defendant was involuntarily committed to Calispel Evaluation and Treatment Center during the last week of April 2016, shortly before law enforcement discovered the pornography at issue in May/June 2016. (Id. at ¶ 87).

ORDER - 2

Defendant, despite these mental health problems, or perhaps between episodes of mental health disturbance, has been able to graduate from college and then go on to graduate studies, earning his Doctorate of Pharmacy in 2009. (Id. at ¶ 93). Defendant made various unsuccessful attempts at employment as a pharmacist between 2009 and 2011, but they were of short-term duration. (Id. at ¶ 94-96). Defendant advised he was let go from his last job as a pharmacist due to issues related to his mental health. (Id. at ¶ 95). More recently, Defendant has improved the control of his mental health problems. He enrolled in the Program for Assertive Community Treatment ("PACT") in January of 2016. (Id. at ¶ 86). He graduated from the PACT program in May 2017. Defendant is currently taking medications and attending a counseling session every two weeks. (Id. at ¶ 88). Defendant has submitted the August 4, 2017 letter of Dr. Challem, a psychiatrist, which states Defendant "seems symptom free and I expect him to continue to do well. He seems very committed to doing whatever he can to remain mentally healthy." (ECF No. 36-2).

This is a unique case, and one in which a sentence substantially below the Guideline range is reasonable. The Government has recognized the uniqueness of the case, and entered into a reasonable Plea Agreement. At sentencing, the Government recognized the difficulty of this case and did not make a recommendation for a specific term of custody. Defense counsel has filed a lengthy and convincing Sentencing Memo, supported by exhibits. The United States Probation Office has prepared a thorough PSR which contains great detail concerning Defendant's mental health history. The Probation Officer has raised the concern that a period of incarceration could lead to decomposition of mental health, which may then elevate the risk to the community. Officer Kennicutt has recommended a nominal period of incarceration of one day followed by a period of home detention and a 15 year term of Supervised Release with appropriate conditions therein.

ORDER - 3

The court has thoroughly considered all the § 3553(a) factors. Application of the § 3553(a) factors supports the Defendant and Probation Officers' recommendations of a sentence of 1-day, a period of home confinement, and a substantial period of supervised release. The court has considered the history and characteristics of the Defendant, including: 1) he has no countable criminal history; 2) he has significant mental health problems, which he appears to be receiving adequate treatment for and is currently stable; 3) Defendant has struggled to be productive and achieve goals despite his mental health problems, as evidenced by his obtaining a doctorate degree in pharmacy. The court has considered this case involves the possession of images and Defendant played no role in the actual production of the pornography. The court has considered the need for the sentence imposed to promote respect for the law and provide appropriate punishment. As Defendant's briefing sets forth, there are significant collateral consequences from the conviction, including sex offender registration, which will provide punishment and promote respect for the law. Additionally, Defendant will be on supervised release for a period of 15-years. Considering deterrence, it has been recognized it is unlikely an individual suffering from mental health problems is very receptive to deterrence. See *United States v. Cantu*, 12 F.3d 1506, 1516 (9th Cir. 1993)("Deterrence has less value as a rationale for punishment because people with reduced capacities are less susceptible to a system of punishment and reward: the grip of their disorders make them less able both to identify and to conform their actions to an appropriate course of conduct."). Regarding sentencing disparity, Defendant has devoted 15-pages of his Sentencing Memo to listing 108 cases where a defendant in a pornography case was given minimal jail time, home confinement, probation, etc.

The issue of protection of the public is more complicated. The Defendant does not appear to have any history of actual violence, but he has made threats to himself and others, apparently stemming from his mental problems. However, jail time could disrupt the progress Defendant has made towards his mental health, could be very serious for his

ORDER - 4

health, and also perhaps cause him to be less stable when released. Both Defendant and Probation express concern about adequate mental health treatment if incarcerated. The Probation recommendation states: "A sentence of incarceration may have the effect of leading to a decomposition of the defendant's mental health, thus elevating his risk to the community." (ECF No. 40, p. 2). The court has also considered that Defendant has been on pretrial release for over six months, has been subject to monitoring and a curfew, and has not violated any of the conditions of his release.

### III. Conclusion

The court accepts the parties' F.R.Crim.P. 11(c)(1)(C) Plea Agreement. After consideration of all the 3553(a) factors, the court concluded a sentence of 1-day incarceration, followed by 6-months home confinement, and a 15-year period of supervised release is sufficient, but not greater than necessary.

**IT IS HEREBY ORDERED:**

Judgment shall be entered in accord with the court's oral pronouncement of sentence and this Order.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel and the United States Probation Office.

Dated this 19th day of September, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5